1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

A AND A PRODUCE, INC.,

Plaintiff,

v.

FELIPES MARKET, INC., et al.,

Defendants.

Case No.   5:21-cv-09985-EJD

**ORDER DENYING EX PARTE
APPLICATION FOR TEMPORARY
RESTRAINING ORDER; SETTING
BRIEFING SCHEDULE AND
HEARING DATE FOR MOTION FOR
PRELIMINARY INJUNCTION**

Re: Dkt. No. 13

Plaintiff, A and A Produce, Inc. ("A and A Produce"), is a trust beneficiary of Defendant,

Felipe's Market, Inc. ("Felipe's"), under the Perishable Agricultural Commodities Act of 1930, as

amended, 7 U.S.C. §499e(c) ("PACA").  Before the Court is A and A Produce's *ex parte*

application for a temporary restraining order ("TRO") to enjoin Defendant, Felipe's Market, Inc.

("Felipe's"), "its agents, employees, successors, banking institutions, attorneys, and all other

persons in active concert or participation with them, including Defendants, Felipe Diaz Ayala

('Felipe Diaz') and Saira Diaz, from using, consuming or otherwise dissipating trust assets under

PACA, or making payment of any PACA trust asset to any creditor, person, or entity until further

order of this Court, payment to A and A Produce, or upon A and A Produce's agreement."  ECF

13-1 at 3.  A and A Produce also filed a motion for preliminary injunction.  *See* ECF 14.  For the

reasons discussed below, the Court finds that issuance of a TRO without notice is not justified,

and therefore A and A Produce's application for an *ex parte* TRO is DENIED.  The Court will

Case No.: 5:21-cv-09985-EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER;
SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR
PRELIMINARY INJUNCTION

United States District Court
Northern District of California

1   conduct a hearing on A and A Produce's motion for a preliminary injunction on Thursday, January

2   13, 2022 at 9:00 a.m.

3   **I.      BACKGROUND**

4          A and A Produce, a California corporation, is in the business of buying and selling

5   wholesale quantities of perishable agricultural commodities, or "Produce," in interstate

6   commerce.  ECF 13-1 at 3.  Felipe's is a California corporation with its principal place of business

7   in Sunnyvale, California.  *Id.*  At all times pertinent to the allegations in A and A Produce's

8   Complaint, Felipe's was, and is, a retail "dealer" of Produce subject to PACA. 7 U.S.C. §

9   499a(b)(6); 7 C.F.R. § 46.2(m).  *Id.*

10          PACA protects sellers of perishable agricultural goods by requiring a merchant, dealer, or

11   retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and

12   food derived from that produce, for the benefit of all unpaid suppliers.  7 U.S.C. § 499e(c)(2).

13   "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the

14   benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums

15   owing has been received."  *C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.)*,

16   947 F.2d 1351, 1352 (9th Cir. 1991).

17          A and A Produce has been selling Produce to Felipe's since 2010.  Spagnoli Decl., ¶7.[1]  In

18   2021, Felipe's purchased more than $230,000.00 worth of Produce from A and A Produce.  *Id.* ¶

19   8.  Between October 1, 2021, and November 11, 2021, A and A Produce sold and shipped Produce

20   to Felipe's in interstate commerce, for which Felipe's agreed to pay A and A Produce

21   $149,652.25.  *Id.* ¶ 9.  Felipe's received and accepted the Produce from A and A Produce without

22   objections.  *Id.* ¶ 10.  Each of A and A Produce's invoices for the Produce included the required

23   statutory statement to preserve its rights under PACA.  *Id.* ¶ 11.  Felipe's has failed to pay for the

24

25   _____

26   [1] Felipe's is one of three retail markets owned or operated by Defendant Felipe Diaz Ayala.  *Id.* ¶
    17.  The other two markets are Foothill Produce, Inc. in Los Altos, California, and Cupertino
    Market, Inc. in Cupertino, California.  *Id.*  A and A Produce sells Produce to all three markets.  *Id.*

27   Case No.: 5:21-cv-09985-EJD
    ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER;
28   SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR
    PRELIMINARY INJUNCTION

1    Produce and currently owes A and A Produce $149,652.25, exclusive of attorneys' fees, costs, and

2    interest.  *Id.* ¶¶ 16, 28.

3        A and A Produce contacted Felipe's numerous times regarding the failure to pay and

4    learned that Felipe's was having difficulty paying creditors.  *Id.* ¶ 25.  In December of 2021,

5    Defendant Saira Diaz offered to pay A and A Produce less than the full amount owing if A and A

6    Produce would agree to issue a "credit" for the remaining unpaid amounts.  *Id.* ¶ 26.  A and A

7    Produce responded that it could not agree to issue any credit for unpaid balances.  *Id.*

8        A and A Produce believes Felipe's has failed to maintain sufficient trust assets to satisfy its

9    PACA trust obligations.  *Id.* ¶ 29 ("Based on these facts and my personal experience in the

10   Produce industry and my conversations with Saira Diaz and Anita, I believe that Felipe's has

11   failed to maintain sufficient trust assets to satisfy its PACA trust obligations to A and A

12   Produce.").  A and A Produce suspects that Felipe's is dissipating assets subject to the PACA trust

13   and is unable to satisfy A and A Produce's PACA trust claim.  *Id.* ¶ 30.  A and A Produce seeks a

14   TRO because "[u]nless Felipe's is forced to satisfy its non-produce debts and other operating

15   expenses out of its profit margin, and not by dipping into the PACA trust assets," Felipe's will

16   continue to dissipate the PACA trust.  *Id.* ¶ 31.

17   **II.    STANDARDS**

18       The standard for issuing a TRO is identical to the standard for issuing a preliminary

19   injunction.  *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2

20   (1977).  A party seeking a preliminary injunction must show:  (1) that he is likely to succeed on the

21   merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the

22   balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v.*

23   *Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Amer. Trucking Assocs., Inc. v. City of Los*

24   *Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The Court may issue a temporary restraining order

25   without written or oral notice only if "specific facts in an affidavit or a verified complaint clearly

26   show that immediate and irreparable injury, loss, or damage will result to the movant before the

27   Case No.: 5:21-cv-09985-EJD

28   ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR PRELIMINARY INJUNCTION

United States District Court
Northern District of California

1   adverse party can be heard in opposition" and "the movant's attorney certifies in writing . . . why

2   it should not be required."  Fed. R. Civ. P. 65(b)(1-2).

3   **III.   DISCUSSION**

4          A and A Produce seeks a TRO on an *ex parte* basis, asserting that giving notice "will only

5   provide Felipe's with advance warning that an order may be entered, thereby providing time and

6   opportunity for Felipe's to further dissipate trust assets by paying personal liabilities or non-trust

7   creditors."  ECF 13-1 at 10.  The Court recognizes that dissipation of PACA trust assets

8   constitutes a form of irreparable harm, and that courts in this district have granted TROs on an *ex*

9   *parte* basis.  *See e.g.*, *Chong's Produce, Inc. v. Meshaal*, No. C 09–4787, 2009 WL 3298175

10  (N.D. Cal. Oct. 9, 2009).  In this case, however, A and A Produce has not clearly shown that

11  immediate dissipation of trust assets will occur before Felipe's has an opportunity to respond to A

12  and A Produce's application.  At most A and A Produce have a suspicion that trust assets are

13  being dissipated.  *See* Spagnoli Declaration, ¶ 30.

14         The Ninth Circuit has cautioned that there are very few circumstances justifying the

15  issuance of an *ex parte* TRO.  *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th

16  Cir. 2006).  Such circumstances include, for example, where notice is impossible because the

17  identity of the adverse party is unknown or a known party cannot be located in time for a hearing.

18  *Id*.  This exception is inapplicable in this case.  A and A Produce has a long-standing business

19  relationship with Felipe's.

20         In cases when notice could have been given, courts have recognized "a very narrow band

21  of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless

22  the further prosecution of the action.  *Id.* (quoting *Amer. Can Co. v. Mansukhani*, 742 F.2d 314,

23  322 (7th Cir. 1984)).  A and A Produce has made no attempt to show that notice to Felipe's would

24  render further prosecution of this case fruitless.  Accordingly, the Court finds that notice must be

25  given to Felipe's before the Court will consider the merits of A and A Produce's application for a

26  TRO.  To reduce the potential risk of immediate dissipation of trust assets, the Court will expedite

27  Case No.: 5:21-cv-09985-EJD
    ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER;
28  SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR
    PRELIMINARY INJUNCTION

United States District Court
Northern District of California

1    the hearing on A and A Produce's motion for preliminary injunction.

2    **IV.    CONCLUSION**

3            For the reasons stated above, the Court ORDERS as follows:

4    (1) A and A Produce's ex parte application for a TRO is DENIED.

5    (2) A and A Produce shall immediately serve Defendants with the instant Order.  Further,

6        Plaintiff shall effect service no later than close of business on Friday, January 7, 2022.

7    (3) Felipe's shall file a response to A and A Produce's motion for preliminary injunction no

8        later than 7:00 a.m. on Monday, January 10, 2022.

9    (4) Any reply must be filed no later than 7:00 a.m. on Tuesday, January 11, 2022.

10   (5) The hearing on Plaintiff's motion for preliminary injunction shall be held via ZOOM on

11       Thursday, January 13, 2022, at 9:00 a.m.

12

13           **IT IS SO ORDERED.**

14   Dated:  January 5, 2022

15

16

17                                                                EDWARD J. DAVILA
                                                                  United States District Judge
18

19

20

21

22

23

24

25

26

27   Case No.: 5:21-cv-09985-EJD
     ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER;
28   SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR
     PRELIMINARY INJUNCTION

United States District Court
Northern District of California